AUGUST JAEDICKE v. MARTIN PATRIE, *Sheriff*, &c.

INJUNCTION, *To Restrain Officer from Selling Property under Execution.* Where, upon one day, a petition in error and transcript are duly filed in this court to reverse a judgment of the district court, on the next a bond to stay proceedings duly filed in the district court clerk's office, and on the third an application made to the district judge for a temporary injunction restraining the sheriff from selling certain personal property, seized upon an execution legally issued and placed in the officer's hands before the filing of the petition in error, and where it does not appear that the sheriff had any actual knowledge, information, or notice of the proceedings in error, *held*, that a ruling of the district judge, refusing the injunction, will not be reversed.

*Error from Washington District Court.*

THE district court, at the September Term 1874, refused an injunction, restraining *Patrie,* as sheriff, from selling property under an execution held by him. The facts and proceedings are fully stated in the opinion. *Jaedicke,* plaintiff, brings the case here.

*T. J. Humes,* and *J. W. Rector,* for plaintiff:

Plaintiff, by due and regular proceedings, as provided by the code, §§ 551, 554, 555, was entitled to a stay of proceedings upon the execution issued against him on the Scrafford judgment. As the sheriff had received the execution before the stay was effected, we were entitled, upon showing the facts by petition, to the order restraining further proceedings. It was not necessary to give him notice; and if the question of costs is regarded as in the way, the answer is, that this is an equity proceeding, and it is in the power of a court of equity to grant us the injunction prayed for, and on final hearing impose the costs on us. Civil Code, § 591.

*W. C. Webb,* and *J. G. Lowe,* for defendant in error:

1. The petition for the injunction is not sufficient. It does not show that the requisite steps were taken by plaintiff in error to stay, or to supersede, the execution issued on the judgment in favor of Scrafford v. Jaedicke. It does not allege that any precipe or order was made or filed in this court, with the petition in error, or otherwise, at any time, for a *summons in error;* nor that a summons in error had been issued, or served; nor that the *sheriff* (defendant in error in this case,) was in anywise notified or informed that an appeal had been taken, and proceedings stayed on the judgment upon which the execution held by him was issued.

2. Plaintiff in error had and has an adequate remedy at law for the redress of his supposed injury. Upon giving due notice of his appeal, and of obtaining a legal stay of proceedings, he could bring trespass against Scrafford and the

sheriff, or he could apply to this court, or to the court below, or district judge, for an order to stay proceedings.

3. To permit the action of injunction against the sheriff, is to impose upon him the costs of an action in a case where he is not only not in fault, but is in the legitimate discharge of a positive duty. This is avoided, and the party complaining is fully protected, by applying to the district court, or district judge, in the original case, for an order superseding the execution — and in such case the judgment-plaintiff would be, as he ought to be, if he is unjustly pressing his execution, saddled with the costs himself.

The opinion of the court was delivered by

BREWER, J.: This was an action of injunction. The petition alleges that in August 1874, one C. G. Scrafford obtained a judgment in the district court of Washington county against the plaintiff for $200; that on September 24th then next, the plaintiff filed in the office of the clerk of the supreme court a petition in error, with a transcript of the record, for the purpose of obtaining a reversal of said judgment; that afterward, and on September 25th, he filed his bond to stay proceedings, duly executed and approved, with the clerk of the district court of Washington county; that prior to the commencement of the proceedings in error, an execution had been duly issued on the judgment to the defendant, sheriff of said county, who levied on certain goods and chattels of plaintiff, and notwithstanding the proceedings in error, and the stay, is about to sell them; that such sale will, if permitted, work great and irreparable injury. On the 26th of September an application was made for a preliminary injunction upon this petition. The application was overruled, and this is the error complained of. We think the ruling must be sustained. The petition was filed on the 24th, the bond on the 25th, and this application made on the 26th. It is nowhere alleged that the sheriff had any actual notice of the filing of either the petition or bond, or any knowledge or information concerning them. Now it seems to us, that

before the sheriff is subjected to an action, and mulcted in the costs therefor, for executing a process, valid on its face, and lawfully issued to him, he should have some actual notice or information of proceedings staying the execution of such process. For all that the petition shows, the first intimation the sheriff had that there was any thought of proceedings in error, was the notice of this application for an injunction. Doubtless the statute is defective in not making any provision for notice; and unquestionably by the steps taken the execution was legally stayed. But common justice to the officer requires that he should be informed of what had been done before subjected to the vexation and costs of a suit, that he make suitable inquiry and govern his actions accordingly. We do not mean to be understood as deciding that if, after being informed of the proceedings in error, and the stay, the sheriff should still attempt to make a sale, he could not be restrained by injunction; though we think even in such cases the better practice would be to file a motion in the case in which the judgment was rendered for an order on the officer to return the execution.

The judgment will be affirmed.

All the Justices concurring.

VALENTINE, J.: I concur in the decision of this case, but express no opinion upon the matter stated in the latter portion of the opinion delivered by Mr. Justice BREWER.